UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAROLUS, et al.,<br>Plaintiffs,<br>v.<br>NEXSTAR MEDIA INC.,<br>Defendant. | Case No. 24-cv-07790-VC<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 17 |

The case is dismissed for lack of Article III standing. This order assumes the reader's familiarity with the facts, procedural history, governing law, and arguments made by the parties.

The plaintiffs allege two general theories of injury, and neither is sufficient.

1. *Privacy injury*. The plaintiffs allege that Nexstar tracked their IP addresses when they visited The Hill's website "on several occasions" during the proposed class period. First Consolidated Complaint ¶¶ 10, 14, 18, 21, Dkt. No. 15. They argue they were injured because Nexstar violated their privacy interests in controlling their personal information. But "whether that interest is infringed depends on whether the information at issue is actually personal and private" and whether it bears a "'close relationship' to a 'harm traditionally recognized as providing a basis for a lawsuit in American courts.'" *Lien v. Talkdesk, Inc.*, No. 24-CV-06467, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432 (2021)). Here, the plaintiffs allege that IP addresses only disclose the fact that a given device visited The Hill's website and the general location of that device, including what zip code it's in. Nexstar's acquisition of that information does not cause the kind of harm that can be vindicated in federal court. Indeed, in the Fourth Amendment context, the Ninth Circuit

has held that people do not have a reasonable expectation of privacy in IP addresses, analogizing to the pen register context in which people don't have a reasonable expectation of privacy in their own phone numbers and the phone numbers they dial. *See United States v. Forrester*, 512 F.3d 500, 509–11 (9th Cir. 2008).

The plaintiffs respond that several federal and California statutes consider IP addresses to be personal information. While that matters for statutory standing purposes under CIPA, it doesn't suffice for Article III standing. In fact, most of the plaintiffs' cited cases that found a privacy injury involved disclosure of several types of personal information all linked together, not just IP addresses. *See, e.g.*, *In re Google RTB Consumer Privacy Litigation*, 606 F. Supp. 3d 935, 943 (N.D. Cal. 2022) (disclosure of plaintiffs' website visits as well as the "content of those sites, photos, videos, and communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598–99 (9th Cir. 2020) (disclosure of plaintiffs' browsing histories plus personal Facebook profiles, including users' "likes, dislikes, interests, and habits over a significant amount of time").

The plaintiffs add that Nexstar tracked "browser and device data" and "other identifying information." First Consolidated Complaint ¶ 67. Without more specificity, it is difficult to analyze whether that information could, when combined with the IP addresses, be sufficient for Article III standing.

2. *Economic injury*. The plaintiffs allege that they lost an economic interest in their data. But they provide no allegations about the potential monetary value of their IP addresses nor any theory for how (or to what degree) the value of that information decreases when Nexstar tracks it on The Hill website. *See Lineberry v. AddShopper, Inc.*, No. 23-CV-01996, 2025 WL 551864, at *2 (N.D. Cal. Feb. 19, 2025) (discussing this issue in the CDAFA statutory standing context).

Nor did the plaintiffs suffer economic injury because the tracking cookies "cause webpages to load more slowly, thereby increasing the time and energy needed for devices to run." *Id.* ¶ 129. This is obviously a *de minimis* injury that can't be quantified. *See Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1056 (N.D. Cal. 2014); *cf. In re Carrier IQ, Inc.*, 78 F. Supp. 3d

1051, 1066 (N.D. Cal. 2015) (discussing examples of non-*de minimis* drains on resources that could be cognizable).

* * *

Dismissal is without prejudice to refiling in state court. If the plaintiffs believe they can amend the complaint to adequately allege standing to sue in federal court, they may attempt to do so within 14 days of this order. If no amended complaint is filed by that deadline, dismissal of the federal action will be without leave to amend.

**IT IS SO ORDERED.**

Dated: April 9, 2025

VINCE CHHABRIA
United States District Judge